IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICHARD EHLER                                                    PETITIONER
ADC #106052

V.                                      5:15-cv-00237-JTK

WENDY KELLEY, Director,                                          RESPONDENT
Arkansas Department of Correction


MEMORANDUM AND ORDER

Petitioner Richard Ehler, an inmate at the Arkansas Department of Correction ("ADC"),

filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 2.) For

the following reasons, Mr. Ehler's petition is denied as untimely.

I.      PROCEDURAL HISTORY

On April 13, 1995, Mr. Ehler pleaded guilty to rape in the Baxter County, Arkansas,

Circuit Court. (Doc. No. 9-2 at 2.) The court sentenced Mr. Ehler to serve forty years in the

ADC. (Doc. No. 9-1 at 4.) That day, the court filed its Judgment and Commitment Order. (*Id.*).

Mr. Ehler did not appeal his conviction, nor did he file a petition for post-conviction relief

under Arkansas Rule of Criminal Procedure 37.1. (*See* Doc. No. 9-2.)

On July 28, 2014, Mr. Ehler filed a petition to correct his allegedly-illegal sentence in

the Baxter County Circuit Court. (Doc. No. 9-1 at 10.) He argued that the Arkansas sentencing

guidelines recommend a twenty-year sentence for a first-time offender, so the forty-year

sentence is illegal. (*Id.*). On August 12, 2014, the court denied Mr. Ehler's petition. (*Id.* at 15.)

On August 29, 2014, Mr. Ehler filed a notice of appeal, appealing the circuit court's

denial of his petition to correct his illegal sentence. (*Id.* at 17.) On March 12, 2015, the

Arkansas Supreme Court denied Mr. Ehler's appeal. (*Id.* at 68.) It held that the statutory

sentencing range for Mr. Ehler's offense was ten-to-forty years or life. (*Id.* at 69.) Since Mr.

Ehler's sentence fell within the sentencing limits set by statute, the court found that the sentence

was not illegal. (*Id.*).

On July 20, 2015, Mr. Ehler filed this petition for a writ of habeas corpus. (Doc. No. 2.)

On August 31, 2015, the district court reassigned this case to the Court based on the parties'

consent. (Doc. No. 8.) On September 1, 2015, the Director of the ADC ("Director") filed a

response, asking the Court to deny Mr. Ehler's petition. (Doc. No. 9.) On September 18, 2015,

Mr. Ehler filed a reply brief. (Doc. No. 11.)

II.     STANDARD OF REVIEW

A district court has jurisdiction to entertain a petition for a writ of habeas corpus on

behalf of a prisoner in custody pursuant to a state court judgment. 28 U.S.C. § 2254(a) (2006).

The only issue the district court may consider is whether a prisoner is in custody "in violation

of the Constitution or laws or treaties of the United States." *Id.* A prisoner must file the petition

for a writ of habeas corpus within one year after the state court judgment "became final by the

conclusion of direct review or the expiration of the time for seeking such review" unless one

of the statutory exceptions apply. 28 U.S.C. § 2244(d)(1) (2006). While a properly-filed

application for State post-conviction relief or other collateral review is pending, the time "shall

not be counted toward any period of limitation under this subsection." *Id.* at (d)(2).

Even when the statutory exceptions do not apply to a petitioner's claim, the statute of

limitations for filing a petition for a writ of habeas corpus can be tolled for equitable reasons.

*Holland v. Florida*, 560 U.S. 631, 645 (2010). A "petitioner is 'entitled to equitable tolling'

only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 549 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

A tenable actual innocence claim is also not barred by the statute of limitations. *McQuiggin v. Perkins*, 133 S.Ct 1924, 1928 (2013). To prove actual innocence, a petitioner would have to prove that, in light of new evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The new evidence must be "reliable" and "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324.

III.    ANALYSIS

In his petition, which the Court construes liberally, Mr. Ehler alleges four grounds for relief: (1) his sentence violates the Equal Protection Clause because other people convicted of rape do not receive 40-year sentences; (2) his guilty plea was involuntary because it was motivated by fear that he would receive a life sentence if he went to trial; (3) ineffective assistance of trial counsel for failing to investigate potential defenses and mitigating circumstances; and (4) his sentence is illegal because it is more than the presumptive sentence for rape in Arkansas. (*See* Doc. No. 2.)

Mr. Ehler's petition is not timely. The circuit court filed its Judgment and Commitment Order on April 13, 1995. Since this was before Congress passed the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Mr. Ehler had until April 24, 1997, to file his petition for a writ of habeas corpus. *Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001) (citing *Nichols v. Bowersox*, 172 F.3d 1068, 1073 (8th Cir. 1999) (holding that habeas petitioners had a one-year "grace" period from April 24, 1996–the effective date of AEDPA). He did not do so until

July 20, 2015, making his petition untimely.

Mr. Ehler alleges that the statute of limitations began running after the Arkansas Supreme Court affirmed the denial of his petition to correct an illegal sentence. However, the statute of limitations had already expired at the time he filed the petition to correct an illegal sentence. Under § 2254, a petitioner challenges the state court judgment under which he is serving. *Magwood v. Patterson*, 561 U.S. 320, 333 (2010) (holding that a § 2254 action attacks a state court judgment); *See* 28 U.S.C. § 2254(a). In this case, Mr. Ehler is currently serving under the Judgment and Commitment Order filed by the Baxter County Circuit Court on April 13, 1995. While the time spent litigating the properly-filed petition to correct an illegal sentence is not counted toward any period of limitation, *see* 28 U.S.C. § 2244(d)(2), Mr. Ehler filed that petition over nineteen years after the time to appeal his Judgment and Commitment Order had expired. Therefore, the statute of limitations for filing a habeas petition challenging the judgment under which he is currently serving had already expired, making Mr. Ehler's petition untimely. Mr. Ehler does not allege that he is entitled to equitable tolling, nor does he allege that he is actually innocent. Therefore, Mr. Ehler's petition for a writ of habeas corpus is denied.

IV.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court, the district court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006). The Court finds no issue on which Mr. Ehler has made a substantial showing of a

denial of a constitutional right. Thus, the Court will not issue a certificate of appealability.

V.      CONCLUSION

Mr. Ehler' petition for writ of habeas corpus (Doc. No. 2) is not timely and is denied with prejudice. The Court will not issue a certificate of appealability. The Court certifies that an in forma pauperis appeal from this Order would not be taken in good faith because the Court did not issue a certificate of appealability. FED. R. APP. P. 24(a)(3)(A).

IT IS SO ORDERED this 12th day of November, 2015.

_____
United States Magistrate Judge